**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000387**
**28-AUG-2024**
**08:12 AM**
**Dkt. 125 SO**

CAAP-20-0000387

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


CORNELIUS ALSTON, Plaintiff-Appellant, v.
STATE OF HAWAIʻI, Defendant-Appellee, and
JOHN DOES 1-5, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC171000364)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Plaintiff-Appellant Cornelius Alston (**Alston**) appeals from the May 19, 2020 Judgment entered by the Circuit Court of the First Circuit (**Circuit Court**) in favor of Defendant-Appellee State of Hawaiʻi (**State**).[1] Alston also challenges the January 10, 2020 Order Granting [the State's] Motion for Summary Judgment [(**MSJ**)], filed October 21, 2019. Alston filed this civil action against the State alleging negligence in the calculation of Alston's release date and seeking damages from the State stemming from alleged overdetention.

---

[1] The Honorable Bert I. Ayabe presided.

Alston raises eight points of error on appeal, contending that the Circuit Court erred by: (1) granting the State's MSJ based on Alston v. Read, 663 F.3d 1094 (9th Cir. 2011); (2) disregarding the State's failure to meet its burden of production; (3) disregarding the State's arbitrary and capricious change of sentencing practices without providing him procedural safeguards to prevent overdetention; (4) disregarding that the State violated Hawaii Revised Statutes (**HRS**) § 1-3 (2009) by retroactively recalculating his release date; (5) disregarding that the State violated Hawaiʻi Administrative Procedure Act (**HAPA**), HRS § 91-1(4) (2012); (6) disregarding that the State's failure to enforce HRS § 353-12 (2015) as a cause of his overdetention; (7) disregarding that HRS § 706-670(5) (2014) required him to be released on August 4, 2007; and (8) disregarding his due process rights under article I, section 5 of the Hawaiʻi State Constitution.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Alston's points of error as follows:

It is undisputed that on June 14, 2007, Alston's release date was recalculated pursuant to Department of Public Safety (**DPS**) Policy No. COR.05.05, which brought DPS into conformity with HRS § 706-668.5 (1993), which at that time provided, in pertinent part:

> **§ 706-668.5  Multiple sentence of imprisonment.** (1)
> If multiple terms of imprisonment are imposed on a defendant

at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently.[2]

Pursuant to the version of HRS § 706-668.5(1) in effect in 2007 and applicable to Alston's 1997 sentence (which was imposed on Alston while he was subject to a previously-imposed unexpired term), and based on the November 20, 1997 Judgment Guilty Conviction and Sentence (**1997 Judgment**) DPS received from the Circuit Court for inclusion in the DPS institutional file, we conclude that the Circuit Court did not err in concluding that there was no genuine issue of material fact and the State is entitled to judgment as a matter of law. The State had no duty

_____

[2] This statute was amended in 2008. See 2008 Haw. Sess. Laws Act 193, § 1 at 714. HRS § 706-668.5 (Supp. 2023) now provides, in pertinent part:

> **§ 706-668.5 Multiple sentence of imprisonment.** (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.
>
> . . . .
>
> (3) For terms of imprisonment imposed prior to June 18, 2008, the department of corrections and rehabilitation shall post written notice in all inmate housing units and the facility library at each correctional facility for a period of two months and send written notice to the defendant no later than January 1, 2016, that shall include but not be limited to:
>
> > (a) Notice that the department of corrections and rehabilitation may recalculate the multiple terms of imprisonment imposed on the defendant; and
> >
> > (b) Notice of the defendant's right to have the court review the defendant's sentence.

to seek out further court files or fail to act in accordance with unambiguous law.  See Alston, 663 F.3d at 1099-1100 (holding that Alston's sentence was appropriately calculated under Hawaiʻi law and that DPS employees were entitled to rely on the 1997 Judgment received from the court, "and were not required to go in search of additional courthouse records" for further documents).

Based on the 1997 Judgment and the applicable law, Alston's release date was not miscalculated on June 14, 2007.  A written order entered on December 10, 1997, about 20 days after the 1997 Judgment, *i.e.*, Findings of Fact, Conclusions of Law and Order Imposing Mandatory Minimum Term for Repeat Offender Sentencing (**Post-Judgment Sentencing Order**), indicated that the sentencing court intended for Alston to serve the five and ten year sentences in the 1997 Judgment concurrent with his previously-imposed sentence, as well as concurrent with each other.  However, as previously litigated in Alston's federal law suit, DPS employees were entitled to rely on the 1997 Judgment, and were not required to go in search of additional court records for further documents.

On December 19, 2007, Alston filed a Motion to Correct Judgment (**Motion to Correct**) citing, *inter alia*, the Post-Judgment Sentencing Order.  On December 27, 2007, the Circuit Court entered an Amended Judgment of Conviction and Sentence; (**Amended Judgment**), which expressly states that the 1997 sentences run concurrent with any other sentence being served, *nunc pro tunc* from November 20, 1997.  Alston was released the same day as the entry of the Amended Judgment.  See Alston v.

4

<u>Read</u>, 678 F.Supp.2d 1061, 1072 (D. Haw. 2010), <u>rev'd on other grounds by</u> <u>Alston</u>, 663 F.3d at 1094. Accordingly, Alston was not overdetained, and therefore, his claim of negligence and any other claims based on overdetention fail. <u>See</u> <u>Simeona v. Dydasco</u>, CAAP-12-0000706, 2015 WL 1400952, *3 (Haw. App. March 27, 2015) (SDO), cert. rejected, 2015 WL 4756462 (Haw. Aug. 10, 2015); <u>Collier v. State</u>, CAAP-19-0000792, 2024 WL 863295, *2 (Haw. App. Feb. 29, 2024) (SDO).

For these reasons, the Circuit Court's May 19, 2020 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, August 28, 2024.

On the briefs:

Jack Schweigert,
John P. Gillmor,
for Plaintiff-Appellant.

Caron M. Inagaki,
Kendall J. Moser,
William K. Awong,
Deputy Attorneys General,
for Defendant-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge